

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. AP-76,792 & AP-76,793

### EX PARTE RONALD CHRISTOPHER GABRIEL, AKA RONNIE KEYS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 09-214-A AND 09-215-A
### IN THE 130TH JUDICIAL DISTRICT COURT
### FROM MATAGORDA COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of possession with intent to deliver a controlled substance, and one charge of possession of a firearm by a felon. He was sentenced to twenty-five years' imprisonment.

Applicant contends that he was denied the right to appeal the trial court's ruling on a pre-trial motion to suppress. We remanded this application to the trial court for findings of fact and

conclusions of law.

The trial court has determined that there is a conflict in the record between the written admonishments and waivers and the transcript of the plea hearing. The trial court finds that trial counsel stated on the record that Applicant wanted specifically to reserve his right to appeal the pre-trial ruling on the motion to suppress, and that the State did not object. The trial court finds that this reservation of the right to appeal by counsel was the last statement on the issue made during the proceedings. The trial court finds that the certification of defendant's right to appeal, which stated that Applicant had no right to appeal, was erroneously based solely on the written admonishments.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal from the trial court's ruling on the pre-trial motion to suppress in Cause Nos. 09-214-A and 09-215-A from the 130th Judicial District Court of Matagorda County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: May 9, 2012
Do Not Publish